Good morning, your honors. I'd like to reserve three minutes for rebuttal. My first argument is going to be the under the AR 413, the NTA is defective. That's completely precluded by our case law, isn't it? I'm sorry? Isn't that argument completely precluded by case law? Precluded, your honor? I.e. we have precedent against it. Recent 9th Circuit precedent. Oh, yes, your honor. Well, okay. And under AR 6, we're going to be arguing that the lower courts failed to consider certain facts or acknowledge certain facts in the case. Such as the mother of the child of the U.S. citizen child is not eligible to get a work permit and the seriousness of the heart defect or the hole in the heart of the child, which is more serious than what the court had seemed to lead to believe that it is okay because the current health condition of the child was good. But that does not necessarily mean that the future health of the child or the weight of the hole in the heart is not to be considered more heavily. This goes to whether he's shown hardship that would justify cancellation of removal. Is that correct? Your honor. But can you explain? We've said that we don't have jurisdiction to review sort of discretionary determinations about whether there's exceptional or unusual hardship. So why is this a question that we can review? Because it's not a question of the discretion part as the mentioning of the or the misunderstanding of the fact of the evidence. And also, we don't have jurisdiction to review facts either. We do have jurisdiction to review a little constitutional issues, but not to review the factual determinations, right? That is correct, your honor. So how does this fit into what we do have a jurisdiction to decide? Yes, your honor. So the other factual of the case to consider is the social group of the family for the petitioner, which he is a member of a family who lives in. He has a family in Mexico who has a relative in the United States and the gang members in Mexico were aware of his presence in the United States. And that there is a distinction for for that family as opposed to other family members because of the connection of the U.S. family or the family member in the United States. So there's I mean, there's a serious legal question here of whether or not a family can be considered a particular social group. And that's that's the question that's common to the next couple of cases we have coming up. But my question for you is, is that issue presented in this case or not? Because the immigration judge said your client hadn't shown that he was going to be harmed because of his family ties. And if that's true, then we wouldn't have to reach the question of whether the family can be a social group. But I'd like to know, do you think that that is a finding that the board relied on? And is that a basis on which we could uphold the board's decision or do you think the board didn't rely on that? I think the the board did rely on that. And the. The I mean, the argument is that. His. It was evidence in the in the hearing that this group, this gang knew of his presence in the United States, and therefore they were attacking his family. And if he were to come back into the United or into Mexico, most likely they would also attack him because they they controlled that small area. But the immigration judge held that that that was not even assuming that the family was a cognizable social group. There was no nexus to support that theory. And then the BIA was kind of somewhat unclear as to whether he was upholding the nexus ruling or instead ruling that the family was not a cognizable group here at all. And then your brief is somewhat unclear about whether you're complaining about the validity of L.A. because you're saying some weird like, well, other people are going to attack it, but you don't claim to be analyzing it yourself and say a few things about it. So we're kind of in a situation where we can't quite figure out the degrees to which the validity of the attorney general's decision matters in this case. Does it matter and why? And was it raised before the board or here? Well, I believe it was raised in the testimony of the. What was raised? L.A. didn't exist at that time, did it? No, but the the. The fact the factors of L.A. were raised in the testimony for the for the immigration judge, he was he did have a family down there in Mexico. This family was repeatedly attacked by the parents and the sister, and they knew of his presence and they mentioned it. I understand that the question whether or not was. Because whether a family's family was a social group or whether it was attacked for those reasons were raised. But the question after I believe it was after the hearing, the attorney general issued this opinion, L.A., which essentially said, except in unusual circumstances, a family is not a cognizable social group. Then the board in this case says it's approving the IJ's ruling, which was a nexus ruling, not a cognizability of the family's social group. But then it seems to say that they're relying on L.A. which is so it's not cognizable. So then you come and you file a brief which seems to mainly deal with the nexus question and assume that the family is a social group. And this is something like, well, you know, other people are going to attack the validity of L.A. but doesn't claim to be doing it yourself. So it's the issue before us. The validity of the decision in L.A. that a family is ordinarily not a social group. That question before us. Well. Yes, that question is why? Because. Well, I mean, that's that is what we are fighting against and we are saying that we didn't make any argument in your brief about why it's not valid. There are a lot of pretty good arguments, but none of them are in your brief. Yeah. Yes, your honor. That was unfortunate foresight of mine. But but we do believe that this is a social group that is distinguishable and it's finite. That is cognizable as well. And I'm going to reserve the rest of my time for a rebuttal. Thank you. If it may please the court, Mona Yusuf, on behalf of the respondent, the attorney general, I'm just going to get it right into the question that you're asking about what the board's decision does say. And I understand you're probably focused on the sentence that says that particular social group is foreclosed by the attorney general's recent decision in L.A. If the board if the board's decision was. Excuse me. I'm sorry. Right. There is nothing in your brief. Yeah, we assumed that this case where the board. Well, let me let me get back up. We read this decision as purely a nexus case because the board first says the record supports the immigration's determination that the respondent failed to establish that he will be persecuted on account of a particular social group defined by his familial ties to his sister and father. There's also a footnote at the bottom when it's saying after it discusses the time bar issue. We will also affirm the immigration judges alternative decision denying asylum and withholding removal on the merits for lack of establishing a nexus to a protected ground. In addition, when discussing the familial ties in the board's decision, it refers to page 11 of the immigrant. I'm sorry. Page 10 and 11 of the immigration judges decision, which is 35 and 36 of the record. And those pages deal with the nexus, the nexus finding that he the immigration judge did find based on the law at the time that family does constitute a petition or social group. But that didn't get him to the merits of his asylum claim because he failed to establish a nexus between his claimed social group of family to the harm that was suffered to his family in Mexico. Your submission essentially is that we should not. This would not be the case to reach that issue on because the determinative factor or the dispositive finding as to asylum and withholding of removal, other than the fact that his asylum application is time barred, is that there is no nexus between the harm and a particular I'm sorry, a particular social group political opinion or his other claimed PSG, which is Mexico. So, so here's the one concern I have with your reading of the board's decision. Both both the sentence in the footnote and the sentence that precedes the citation to pages 10 to 11 of the IJ decision. They both referred to nexus or one reverse nexus. The other says on account of which is the same concept, but they both say, you know, nexus to a protected ground or on account of a particular social group. So they seem to have both concepts in there. Both is there a connection and is this a cognizable particular social group? And then the only substantive analysis is the next sentence, which says it's not a cognizable group because of LEA. So why, given that, should we read it as resting on the nexus part of those sentences? Well, I, let's see. Well, they do link it to the family group. I'm looking at the fourth paragraph in the board's decision on page four of the record. Again, he said the IJ's determination that the petitioner failed to establish he will be persecuted on account of a particular social group defined by his family ties to his sister and his father. So the way I read that is they're saying he didn't establish the tie between harm and his defined social group, which is his family. I mean, that's one thing. But then what's the next sentence? I mean, it could have been said more clearly. I can't argue that it's not really the court. The problem is we're left with this mess because there is a very good argument that the board's decision at least rested in part, at least in the alternative, on the validity of LEA. But the petitioner hasn't really challenged it in any coherent way. And you haven't defended it at all. So what are we supposed to do next? Well, I will say the reason we didn't defend the line that the particular social group is foreclosed by the attorney general's recent decision is because you can't just say that. There has to be an explanation about, you know, it's a fact-based inquiry. So I'm sorry, the attorney general didn't say family can never be a social group. It did say that, actually, more strongly than LEA does itself. That's what's strange here. It read that particular social group. I'm sorry, I'm talking about the actual decision by the attorney general and LEA, too. This opinion says that a social group defined by its familial ties to its sister and father is foreclosed, period. Not on a factual basis. Is your point that, is the point you're making that, you know, if this were read as an application of LEA, it would be an impermissible application because the board had no facts that would be needed to appropriately apply LEA in this case?  I'm saying if the court had, if the board had just had that sentence without the previous sentence, this court, we probably would have remanded this case because you can't just say LEA forecloses social group. Because LEA basically said, no, when you argue social group, you still have to go through the criteria of particularity and to establish social distinction. So there is no, there should not be a blanket application that says LEA knows family can never be a social group. That would be an error of law. But because we believe that the board in a way saved itself by the previous, by the previous sentence that he failed to establish particular social group based on his family or failed to establish persecution on because of his family and refers to the IJ's decision, which particularly focused on the nexus requirement. And then they have the added footnote at the bottom, which says the reason we're denying his application is because we, he failed to establish persecution for a lack of establishing a nexus. Is that clear? For lack of establishing a nexus to a protected ground. Yes. So we're back in the same circle. It's not a protected ground that he failed to establish a nexus to a protected ground. So we still can't get behind what this means. Right. But your point I take is it does say nexus. It doesn't say for lack of presenting a cognizable social group, it says nexus. And if you link that up with the sentence you've referred to that incorporates the IJ's decision, which was only a nexus decision, there's no other explanation for that other than adopting the nexus finding. It would have been helpful if this reference to the LEA was set off with some other word, but it seems, I don't know how else to read this other than some kind of dual finding. Yeah. Yes, that's exactly my point. And it would have been nice if it said in addition to that particular social group is foreclosed. But that's not what I, what's before us. I understand the concerns, but I think ultimately what it's kind of a discernible path here. I think the board was really just trying to say that he failed to establish persecution based on any of the grounds that he raised, whether it's family, political opinion, or being a Mexican deportee. I mean, really this case boils down to is that this gentleman's family, he comes from an area where there's lots of extortion. His sister was extorted in her household in 2013. Her father suffered the same crime three years later. But there's really no evidence that any of these criminals were either linked, that they were the same criminals, that they belonged to the same group, that they even cared that these particular individuals were related. They just wanted to get money. And the fact that they may have threatened somebody in the course of doing that was more of a means to an end. Just we want your money. If we have to threaten you to your daughter or mention the fact that your son is in the United States and probably can send you money, those were just tactics in order to get the money. And that's really what the facts of this case come down to. And to give the court a little cheat sheet, all the facts are really found on page 78 to 83, which is his testimony. The written statement, which is on page 119 to 20, and a page of his application, page 237. That's where all of the facts are in this particular case out of this 400-page record. And based on those facts, it was reasonable. Substantial evidence supports the agency's finding that he failed to establish eligibility on the merits for asylum and withholding a removal. Okay. Thank you for your time. A clarifying argument of a very unclear situation. Thank you. Your Honor, I would just argue that it's also very speculative to think that this group is not one group and also just randomly attacking everyone. It is more probable than not that they would focus on people with relatives in the United States. Therefore, they would have the higher probability of more money to get. If that were true, I don't think that would demonstrate that he was being threatened because of his family ties. It would be the opposite. They were being threatened because of him, but not that he was being threatened because of his family. Well, yeah, he was not being threatened because of his family in the United States. Because of the membership in his family. They were being threatened because of his relationship to him, but he wasn't being threatened because of his relationship to them. Correct. Well, if it's correct, then you don't have a nexus to him. Assuming the family is the social group, that's not why he was in danger, if he was in danger. He was in danger because they knew of his... I don't think there was a... Well, because they knew that he was... They thought he had money and he was in the United States. And if he came back, they'd think he was rich, but that has nothing to do with his family. But his family are the people that are readily available to attack. Correct, but he has to be in danger, not them. But he was in danger as well because of their knowledge of his presence in the United States. That's a different theory. That's not a family as a social group theory. Okay, thank you very much. Your time is up. And I do think, Mr. Tietjen, that you should know more about your case before you come to us. Thank you very much. The case of Khalid Khurram Ali Isha versus Barr is submitted. And we are going to take a brief interview. Thank you so much.
judges: Berzon, Miller, Bress